# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

**UNDER SEAL**

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
)  Case No.   1:19-SW-92
Information related to an account described in Attachment A that is )
stored in premises controlled by Apple Inc )
)
)

**FILED 2019 APR 12**

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Northern_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location)*:

See attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See attachment B

**YOU ARE COMMANDED** to execute this warrant on or before ___FEB. 27, 2019___ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___John F. Anderson___
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: ___FEB. 13, 2019___
                            ___11:45 AM___

_____/S/_____
John F. Anderson
United States Magistrate Judge

City and state:  Alexandria, Virginia            The Honorable John Anderson, Magistrate Judge
                                                   *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 1:19-SW-92 | Date and time warrant executed: 2/14/19 13:13 | Copy of warrant and inventory left with: SUBPOENAS@APPLE.com |
| Inventory made in the presence of: | N/A SERVED VIA EMAIL | |

Inventory of the property taken and name of any person(s) seized:

Digital Files Associated with Apple ID:
PIUN2017@PROTONMAIL.com

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 4/12/19

*Executing officer's signature*

TED P DEVACOURT, FBI
*Printed name and title*

# ATTACHMENT A

## DESCRIPTION OF THE ITEMS TO BE SEARCHED

This warrant applies to information associated with the Apple ID "**piun2017@protonmail.com**", which is stored at premises owned, maintained, controlled, or operated by Apple Inc., an e-mail provider headquartered at One Apple Park Way, MS: 169-5CLP, Cupertino, CA 95014.

# ATTACHMENT B

## Items to be Seized

**I. Information to be disclosed by Apple, Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Apple, Inc., Apple is required to disclose the following information to the government for the accounts or identifiers listed in Attachment A:

a. The contents of all e-mails stored in the accounts (including attachments), including copies of e-mails sent to and from the accounts, draft e-mails, the source and destination addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;

b. Any deleted emails, including any information described in subparagraph "a," above;

c. All records or other information regarding the identification of the accounts, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the accounts were created, the length of service, the types of service utilized, the IP address used to register the accounts, log-in IP addresses associated with session times and dates, accounts' status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

d. All records or other information stored by the accounts, including but not limited to, push tokens, chat logs, address books, contact and buddy lists, calendar data, pictures, videos and files;

e. The content of any and all cloud storage accounts;

f.  All records pertaining to voice transactions/calls;

g.  All records pertaining to communications between Apple and any person regarding the accounts, including contacts with support services and records of actions taken.

## II. Information to be seized by the government

1. All information described above in Section I, including correspondence, records, documents, photographs, videos, electronic mail, chat logs, and electronic messages that constitutes fruits, evidence and instrumentalities of violations of 18 U.S.C. §§ 2252(a)(1) and (b)(1) (transportation of visual depictions of minors engaged in sexually explicit conduct); 2252(a)(2) and (b)(1) (receipt and distribution of visual depictions of minors engaged in sexually explicit conduct); 2252(a)(4)(B) and (b)(2) (possession of and access with intent to view a visual depiction of a minor engaged in sexually explicit conduct); 2252A(a)(1) and (b)(1) (transportation of child pornography); 2252A(a)(2)(A) and (b)(1) (distribution and receipt of child pornography); and 2252A(a)(5)(B) and (b)(2) (possession of and access with intent to view child pornography) including, for each account or identifier listed on Attachment A, information pertaining to the following matters, including attempting and conspiring to engage in the following matters:

   a. Any and all data, records, communications or information reflecting evidence, fruits, instrumentalities, and contraband of the crimes listed above;

2. Credit card and other financial information including but not limited to bills and payment records;

3. Evidence of who used, owned, or controlled the accounts or identifiers listed on Attachment A;

4. Evidence of the times the accounts or identifiers listed on Attachment A was used;

5. Passwords and encryption keys, and other access information that may be necessary to access the accounts or identifiers listed on Attachment A and other associated accounts.

UNDER SEAL

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
FEB 13 2019
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| IN RE SEARCH OF: ) | |
| INFORMATION RELATED TO ) | |
| AN ACCOUNT DESCRIBED IN ) | **UNDER SEAL** |
| ATTACHMENT A THAT IS STORED ) | |
| IN PREMISES CONTROLLED BY ) | CRIMINAL NO.: 1:19-SW-92 |
| APPLE, INC. ) | |

## ORDER TO SEAL AND FOR
## NONDISCLOSURE PURSUANT TO 18 U.S.C. § 2705(b)

The United States, pursuant to Local Rule 49(B) of the Local Criminal Rules for the U.S. District Court for the Eastern District of Virginia and 18 U.S.C. § 2705(b), having moved to seal the search warrant, application, supporting affidavit, motion to seal, and this Order, and having further moved for a § 2705(b) nondisclosure order covering these materials;

The Court, having considered the government's submissions, including the facts presented by the government to justify sealing; having determined that that there is reason to believe that notification of the existence of these materials will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence or witnesses, change patterns of behavior, or notify confederates, *see* 18 U.S.C. §§ 2705(b)(2), (3), & (5); having found that revealing the material sought to be sealed would jeopardize an ongoing criminal investigation; having considered the available alternatives that are less drastic than sealing; finding none would suffice to protect the government's legitimate interest in concluding the investigation; and having found that this legitimate government interest outweighs at this time any interest in the disclosure of the material; it is hereby

ORDERED that the United States' motion is GRANTED, and the search warrant, application, supporting affidavit, motion to seal, and this Order be SEALED until further order of the Court; and

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Apple, Inc. shall not disclose the existence of these materials to the subscribers of the accounts, or to any other person, for a period of 2 years, unless and until otherwise authorized to do so by the Court, except that it may disclose this Order to its attorneys for the purpose of receiving legal advice. The United States may seek to extend this time period through further application; and

IT IS FURTHER ORDERED that nothing in this Order shall prevent the United States from disclosing the search warrant, application, supporting affidavit, and motion to seal and Order in order to execute the search warrant or to full its discovery obligations.

Date: February 13, 2019

/s/ JFA
John F. Anderson
~~United States Magistrate Judge~~
The Honorable John F. Anderson
United States Magistrate Judge